UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

BELLOWS,[1] et al.,

Plaintiffs,

-against-

SUFFOLK COUNTY, et al.,

Defendants.

-----------------------------------x

**MEMORANDUM & ORDER**
80-CV-2643 (EK)

ERIC KOMITEE, United States District Judge:

On April 27, 1984, this Court entered a Consent Decree (the "Decree") requiring Suffolk County, its Sheriff, and its civil service personnel officer (the "County Defendants"),[2] to remedy alleged discrimination against female correction officers. More than forty years later, on May 26, 2026, the County Defendants moved to reopen the case and dissolve that Decree. Plaintiffs do not oppose the motion.[3] For the reasons explained below, the motion is granted.

---

[1] The Clerk of the Court is respectfully directed to update the case caption to reflect the plaintiff's last name as "Bellows," as indicated in the original docket sheet and the parties' briefing.

[2] The defendants also include Victor S. Bahou, Josephine Gambino, and James McFarland, sued as members of the New York State Civil Service Commission. The Decree does not impose obligations on these defendants. Ex. A, Consent Decree 2, ECF No. 4-4.

[3] Because the plaintiff class's former counsel retired from the practice of law, the Court directed plaintiffs to retain new counsel and respond to the pending motion by October 8, 2026. Despite having been served, the named plaintiffs did not respond by that deadline, or at all, leaving the motion unopposed.

Federal Rule of Civil Procedure Rule 60(b) permits a court to grant relief from a final judgment, including a consent decree, when it "has been satisfied, released, or discharged" or "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b); *see also Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992).[4] In the context of institutional reform decrees, the inquiry focuses on whether the decree's "objective . . . has been achieved." *Horne v. Flores*, 557 U.S. 433, 450 (2009). While the moving party "bears the burden of establishing that changed circumstances warrant relief," once that burden is satisfied, "a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Id.* at 447.

The Decree required the County Defendants to take specific steps to remedy alleged discrimination against female correction officers in promotions and assignments. Among other measures, the Decree required the County Defendants to combine male and female promotional exam results into a single ranked list, Ex. A, Consent Decree 3, ECF No. 4-4, eliminate time-in-service requirements for promotional exams above a certain level, *id.* at 4, abolish sex designations in job titles, *id.* at

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5, pay damages to the plaintiff class, *id.* at 5-6, and retain records regarding female promotions and assignments, *id.* at 6-8. The Decree also permits "any party" to "move th[e] Court for a dissolution of th[e] Decree upon a showing that the objectives of the Decree have been achieved." *Id.* at 9.

The County Defendants have submitted evidence accompanying their motion showing that they complied with the Decree's directives. *See* L'Hommedieu Decl., ECF 4-2; Ex. J, Combined Exam Lists, ECF No. 4-13; Ex. L, 1988 Exam Qualifications, ECF No. 4-15; Ex. M, Gender-Neutral Position Announcement, ECF No. 4-16. They have also submitted evidence of Suffolk County's policies against sex discrimination and efforts to increase female representation. *See* Ex. N, Anti-Discrimination Policy, ECF No. 4-17; Ex. O, Rules of Conduct, ECF No. 4-18; Ex. P, Female Recruitment Initiative, ECF No. 4-19. This evidence adequately establishes that the County Defendants have satisfied the Decree's specific directives and adopted measures to meet its broader objectives.

Accordingly, the motion to reopen the case and dissolve the Decree is granted. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 20, 2026
Brooklyn, New York